MARK B. HANSON, ESQ.
Second Floor, Macaranas Building
PMB 738, P.O. Box 10,000
Beach Road, Garapan
Saipan, Mariana Islands 96950
Telephone:    (670) 233-8600
Facsimile:    (670) 233-5262
E-mail:        mark@saipanlaw.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| ZHAI LAN JIANG, | ) | CASE NO. CV 07-0035 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FIRST INTERROGATORIES |
| | ) | TO DEFENDANT |
| HAN NAM CORPORATION, a Commonwealth of | ) | |
| the Northern Mariana Islands corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**TO:    HAN NAM CORPORATION**
**        and its attorney of record, STEPHEN J. NUTTING**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, PLAINTIFF hereby requests

YOUR written responses to the following Interrogatories.  Please produce YOUR written responses

to this Request, under oath, and YOUR particularly stated written objection to a request, if any, to

Mark B. Hanson, Attorney at Law, located at the Second Floor, Macaranas Building, Beach Road,

Garapan, Saipan, Commonwealth of the Northern Mariana Islands, within thirty (30) days after

service of this Request on YOU.

**INSTRUCTIONS**

A.      In answering these Interrogatories, YOU must make a diligent search of YOUR records

and other DOCUMENTS in YOUR possession or available to YOU, including information which

is in the possession of YOUR attorneys, investigators for YOUR office, employees, representatives, and agents, and not merely such information known of YOUR own personal knowledge.

B.     If an interrogatory has sub-parts, answer each part separately and in full so that YOUR answer is understandable.  Do not limit YOUR answer to the interrogatory as a whole.

C.     If YOU cannot answer these interrogatories in full, after due diligence to secure information to do so, state the answer to the extent possible, specifying YOUR inability to answer the remainder and stating whatever information or knowledge YOU have concerning the unanswered portion.

D.     With respect to each interrogatory, in addition to supplying the information asked for and identifying the specific DOCUMENTS referred to in the interrogatory, please IDENTIFY and describe all DOCUMENTS to which YOU refer in preparing YOUR answers.

E.     For each COMMUNICATION responsive to these Interrogatories that is withheld under a claim of privilege, statement specifically: (a) all of the parties to the COMMUNICATION; (b) the relationship of the parties to the COMMUNICATION at the time of the COMMUNICATION; (c) the purpose of or reason for the COMMUNICATION; (d) and any disclosure of the contents of the COMMUNICATION to PERSONS not a party to the COMMUNICATION.

F.     If in responding to these Interrogatories YOU encounter any ambiguity in construing any request, instruction or definition, please set forth the matter deemed ambiguous and the construction used in responding.

G.     Pursuant to Fed. R. Civ. Pro. 26(e) , these Interrogatories and Request for Production of Documents are of a continuing nature and YOU must return supplementary answers to the maximum extent required by law and the applicable rules, including any time that YOU discover that an answer is incorrect or incomplete.  Such supplemental answers shall be returned to the attorney for PLAINTIFF at the location first above-indicated.

**DEFINITIONS**

For the purposes of this request, unless otherwise indicated, the following definitions shall be applicable to these First Set of Interrogatories:

1. "DOCUMENTS" or "DOCUMENTATION" means any written, printed, recorded or graphic matter, regardless of the medium on which it is produced, reproduced or stored. DOCUMENTS include, but are not limited to, correspondence, records, reports, memoranda, notes, studies, analysis, working papers, voice recordings, calendars, diaries, schedules, computer printouts, drawings and all other written, printed or recorded matter of any kind, and all other data or compilations from which information can be obtained. Non identical copies of any document bearing on any sheet or side, any marks of any character (including, but not limited to, initials, comments or notations) which are not a part of the original test are to be treated as separate DOCUMENTS.

2. "YOU," "YOURSELF" "YOURS" or "YOUR" means HAN NAM CORPORATION, its subsidiaries, divisions or affiliates, and its partnerships and joint ventures.

3. "PLAINTIFF" means ZHAI LAN JIANG.

4. "PERSON" or "PERSONS" shall mean natural persons, corporations, partnerships, firms or other associations, whether or not separately identified, and whether or not they have separate legal existence in their own right.

5. "COMMUNICATION," "COMMUNICATIONS" or "COMMUNICATED" means any conveyance of information, knowledge, belief or opinion, and shall include but not be limited to written communication by such means as DOCUMENTS, letters, memoranda, telegrams, sign language and oral communications, either telephonically or face-to-face.

6. "IDENTIFY," "IDENTITY" OR "IDENTIFICATION" as used in reference to a natural person means that YOU are required to state the following information:

a.      the name of the person;

b.    the street address, country, state and country of the person's current residence;

c.    the current "home" or residential telephone number of the person;

d.    the current or last known employer, job title, business address and business telephone number of the person; and

e.    with respect to the PERSONS who were formerly employed by YOU, the last date such employment and the person's job title and business address on that date.

7.  "IDENTIFY," "IDENTITY" or "IDENTIFICATION" as used in reference to any entity other than a natural person means that YOU are required to state the following information:

a.    the entity's full name;

b.    the address of the entity's principal place of business, and each of its other places of business or business facilities;

c.    the nature of the entity, e.g., whether the entity is a sole proprietorship, corporation, limited liability company, etc.; and

d.    the laws, if any, under which the entity is organized.

8.  "IDENTIFY," "IDENTITY" or "IDENTIFICATION" as used in reference to a DOCUMENT, means that YOU are required to state the following information:

a.    the title of the DOCUMENT;

b.    the date(s) the DOCUMENT bears;

c.    the name of each person who authorized any portion of the document;

d.    the name of each person who signed the DOCUMENT;

e.    the name of each person to whom the DOCUMENT was addressed, together with the IDENTITY of each person who received a copy of the DOCUMENT;

f.    a description of the nature and substance of the DOCUMENT sufficient to enable it to be identified;

g.    the name and address of the present custodian of the original DOCUMENT, together

Page 4 of  12

with the original DOCUMENT's current location; and

h.   whether YOU claim the DOCUMENT is privileged and, if so, the nature of the privilege.

9.   "IDENTIFY," "IDENTITY" or "IDENTIFICATION" as used in reference to a COMMUNICATION, means that YOU are required to state:

a.   the names of the persons participating in the COMMUNICATION or present when the COMMUNICATION took place;

b.   the exact, detailed, content of the COMMUNICATION, the building or other specific place in which the PERSONS participating in the COMMUNICATION were located at the time of the COMMUNICATION;

c.   the mode or method by which the COMMUNICATION occurred (e.g, telephone, in person, via e-mail etc.); and

d.   the date on which the COMMUNICATION occurred.

10.   "RELATING TO," "RELATED TO" or "REGARDING" includes referring to, alluding to, responding to, concerning, connected with, commenting on, in respect to, about, regarding, discussing, showing, describing, reflecting, analyzing, depicting or constituting.

11.   "or" means and/or.  "and" means and/or.  "each" means each and every.

12.   When asked to "DESCRIBE IN DETAIL" an event or occurrence or particular subject, YOU are asked to do more than merely state a conclusion.  DESCRIBE IN DETAIL means to accurately and minutely IDENTIFY and provide an item by item account of the event, circumstance, process, product, COMMUNICATION, PERSON, DOCUMENT, or other object or thing YOU are describing.  When asked to "DESCRIBE IN DETAIL" an event or occurrence or particular subject, YOU are asked to do more than merely state a conclusion.  YOU are being asked to state the particular facts that YOU intend to submit through witnesses or DOCUMENTS at trial on the subject matter contained in the question.  Among other things, YOU are being asked to IDENTIFY

all COMMUNICATIONS REGARDING the event, occurrence or subject and state what action YOU took RELATED TO the event, occurrence or subject, the date(s) YOU took such action, and the reason YOU took such action.  YOU are also being asked to IDENTIFY every PERSON with information RELATED TO the event, occurrence or subject, the nature of the information that PERSON has, and YOU are being asked to IDENTIFY any and all DOCUMENTS of which YOU are aware that are RELATED TO the event, occurrence or subject.

13.  When asked to "state ANY AND ALL FACTS" pertaining to a particular subject YOU are asked to do much more than merely state conclusions.  YOU are asked to DESCRIBE IN DETAIL who was involved or present when the facts occurred, what they or YOU did, why YOU or they acted as they did, how this situation came about and where YOU or the third PERSON were when the facts occurred.  YOU are asked to state specifically all facts that support YOUR claims or beliefs, not conclusions.  If YOU claim that something occurred, please state why YOU believe it occurred, why YOU acted as YOU did, what happened to make you act the way YOU did, and IDENTIFY the PERSON who caused YOU to act the way YOU did.

14.  When any of these Interrogatories are answered by any such of YOUR EMPLOYEES, then IDENTIFY each PERSON who assisted or participated in preparing or supplying any of the information given in answer to or relied upon in preparing answers to these Interrogatories.

15.  When responding to these Interrogatories, please state whether the information furnished is within the personal knowledge of the PERSON answering and , if not, please state the IDENTITY of each PERSON of whom the information is a matter of personal knowledge.

16.  "EMPLOYEE(S)" as used herein refers to any PERSON currently EMPLOYED by YOU, hereafter employed by YOU, or formerly employed by YOU.  Unless otherwise specified herein, the term includes, but is not limited to:  officers, directors, managers, agents, accountants, independent contractors, skilled and unskilled laborers, resident and NONRESIDENT WORKERS.

17.  "EMPLOYMENT" or "EMPLOYED" or "EMPLOY" as used herein refers to the use or

engagement by YOU of services or labor of any kind, regardless of the amount and/or manner of compensation for such services or labor, and regardless of the classification of such services or labor as independently contracted or otherwise.

18. "COMPLAINTS" as used herein refers to any and all letters, memoranda, notices, correspondence, legal pleadings, formal or informal grievances filed with YOU or any judicial, government or quasi-government agencies, or any other form of oral or written COMMUNICATION of a dispute to any PERSON.

19. "DOL" means the Department of Labor, Commonwealth of the Northern Mariana Islands, including any or all divisions, officers, employees and agents thereof.

20. "USDOL" means the United States Department of Labor, including any or all divisions, officers, employees and agents thereof.

21. "EEOC" means the United States Equal Employment Opportunity Commission, including any or all divisions, officers, employees and agents thereof.

22. "NONRESIDENT WORKER CONTRACT" means an "Agreement" as defined and intended in 3 C.M.C. § 4412(a) of the CNMI Nonresident Workers Act, and all of its attendant documentation and other requirements.

23. "NONRESIDENT WORKER" means a PERSON defined as such in 3 C.M.C. § 4412(i) of the Nonresident Workers Act.

24. "ACCOMMODATIONS" as used herein includes, but is not limited to, an adjustment in job title, description, location, job duties or responsibilities, work hours, schedules, break times, or the provision of additional paid or unpaid leave.

25. "LAWSUIT" means this case, *Zhai v. Han Nam Corp.*, Case No. CV 07-0035 currently pending in the United States District Court for the Northern Mariana Islands.

26. Unless otherwise stated, the relevant time period is from January 1, 2000 to the present.

## **INTERROGATORIES**

*Please take note before answering these interrogatories that your answers must be complete and detailed. All capitalized words and expressions contained in these interrogatories have been defined above and each of the definitions above are incorporated into each of the interrogatories below where used. If you fail to answer these interrogatories in accordance with the definitions and with the particularity described above, PLAINTIFF can and will file a motion to compel completed answers and you may be found responsible for paying attorney's fees in compelling <u>full and complete responses</u> to these Interrogatories.*

**Interrogatory Number 1:**    Please state the total number of EMPLOYEES EMPLOYED by YOU on the following dates:

      a) December 8, 2004;

      b) November 16, 2007; and

      c) The date of YOUR response to these Interrogatories.

**Interrogatory Number 2:**    Please IDENTIFY all PERSONS, regardless of job title or category, who have become pregnant while EMPLOYED by YOU.

**Interrogatory Number 3:**    Please IDENTIFY all PERSONS IDENTIFIED by YOU in response to Interrogatory Number 2 who are no longer EMPLOYED by YOU and state: (a) the date of their separation from EMPLOYMENT; (b) the reason(s) for their separation from EMPLOYMENT; and (c) the current whereabouts of all such PERSONS.

**Interrogatory Number 4:**    Please DESCRIBE IN DETAIL all of the ACCOMMODATIONS YOU made for any PERSON IDENTIFIED in Interrogatory Number 2 above which ACCOMMODATIONS, if any, were made by YOU when the PERSON was pregnant while EMPLOYED by YOU.

**Interrogatory Number 5:**     Please DESCRIBE IN DETAIL all of the ACCOMMODATIONS YOU made for PLAINTIFF when she became pregnant while EMPLOYED by YOU.

**Interrogatory Number 6:**     Please DESCRIBE IN DETAIL why YOU contend that PLAINTIFF did not adequately perform her job with YOU as she alleged in ¶ 27 of her Complaint filed on November 16, 2007.

**Interrogatory Number 7:**     To the extent not included in YOUR Response above, please STATE ANY AND ALL FACTS that support YOUR contention that PLAINTIFF did not adequately perform her job with YOU as she alleged in ¶ 27 of her Complaint filed on November 16, 2007.

**Interrogatory Number 8:**     Please state ANY AND ALL FACTS that led to YOUR decision not to renew PLAINTIFF's EMPLOYMENT with YOU on January 3, 2005.

**Interrogatory Number 9:**     Please IDENTIFY all EMPLOYEES EMPLOYED by YOU after December 8, 2004 that were not EMPLOYED by YOU on or before December 8, 2004 and provided: (a) the date of hire of each such person EMPLOYED, (b) the nationality of each such person EMPLOYED, and (c) a job description of the actual job or jobs performed for each such person while EMPLOYED by YOU.

**Interrogatory Number 10:**     Please DESCRIBE IN DETAIL all of the various job duties and responsibilities of PLAINTIFF while EMPLOYED by YOU.

**Interrogatory Number 11:**     Please state ANY AND ALL FACTS that support YOUR first affirmative defense that PLAINTIFF's claims, or any of them, fail to state a claim upon which relief can be granted as alleged in YOUR Answer to PLAINTIFF's Complaint filed on December 5, 2007.

**Interrogatory Number 12:**     Please state ANY AND ALL FACTS that support YOUR second affirmative defense that PLAINTIFF "voluntarily abandoned her employment with Han Man in breach of her employment contract" as alleged in YOUR Answer to PLAINTIFF's Complaint filed on December 5, 2007.

**Interrogatory Number 13:**     Please state ANY AND ALL FACTS that support YOUR third

affirmative defense that "neither gender nor ethnicity played any role in the decision not to renew plaintiff's employment contract with Han Nam" as alleged in YOUR Answer to PLAINTIFF's Complaint filed on December 5, 2007.

**Interrogatory Number 14:**    Please state ANY AND ALL FACTS that support YOUR fourth affirmative defense that PLAINTIFF has unclean hands as alleged in YOUR Answer to PLAINTIFF's Complaint filed on December 5, 2007.

**Interrogatory Number 15:**    Please state ANY AND ALL FACTS that support YOUR fifth affirmative defense that "Han Nam at all relevant times acted fairly, reasonably, justly and in good faith with respect to the plaintiff and in all dealings with its employees" as alleged in YOUR Answer to PLAINTIFF's Complaint filed on December 5, 2007.

**Interrogatory Number 16:**  Please state ANY AND ALL FACTS and other "discoverable information" that YOU believe is within the knowledge of Mr. Jun Soo Park (an individual identified in YOUR Rule 26(a)(1) disclosures) that is in any way RELATED TO this LAWSUIT and/or PLAINTIFF's claims herein.

**Interrogatory Number 17:**  Please state ANY AND ALL FACTS and other "discoverable information" that YOU believe is within the knowledge of Mrs. Kim Yang Park (an individual identified in YOUR Rule 26(a)(1) disclosures) that is in any way RELATED TO this LAWSUIT and/or PLAINTIFF's claims herein.

**Interrogatory Number 18:**    Please IDENTIFY any and all "Employees of Han Nam Market" (as identified in YOUR Rule 26(a)(1) disclosures) that have discoverable information that is in any way RELATED TO this LAWSUIT and/or PLAINTIFF's claims herein.

**Interrogatory Number 19:**    For each PERSON IDENTIFIED by YOU in response to Interrogatory Number 18, please state ANY AND ALL FACTS and other "discoverable information" that YOU believe is within the knowledge of each such PERSON that is in any way RELATED TO this LAWSUIT and/or PLAINTIFF's claims herein.

1  **Interrogatory Number 20:** Please DESCRIBE IN DETAIL the relationship between YOU and Vienna

2  Corporation.

3  **Interrogatory Number 21:** Please IDENTIFY the PERSON that translated for Mrs. Park during her

4  December 8, 2004 discussion with PLAINTIFF wherein PLAINTIFF was told that she was not being

5  renewed.

6

7

8         DATED this 25th day of January, 2008.

9                                           /s/ Mark B. Hanson

10                                          _____
                                                    MARK B. HANSON

11                                          Second Floor, Macaranas Building
                                            Beach Road, Garapan
12                                          PMB 738, P.O. Box 10,000
                                            Saipan, MP 96950
13                                          Telephone: (670) 233-8600
                                            E-mail:      mark@saipanlaw.com
14

15                                          Attorney for Plaintiff ZHAI LAN JIANG

16

17

18

19

20

21

22

23

24

25

26

27

1

CERTIFICATE OF SERVICE

2

3

I certify that the following were served with a copy of the foregoing via the Court's electronic

case filing system (CM/ECF):

4

5

Stephen J. Nutting
Attorney at Law

6

Sixth Floor, Marianas Business Plaza
P.O. Box 5093

7

Saipan, Mariana Islands 96950
Phone:        (670) 234-6891

8

Fax:           (670) 234-6893
E-mail:        snutting@saipan.com

9

10

11

January 25, 2008                              /s/ Mark B. Hanson

DATED: _____              _____

12

MARK B. HANSON

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27