MARK B. HANSON, ESQ.
Second Floor, Macaranas Building
PMB 738, P.O. Box 10,000
Beach Road, Garapan
Saipan, Mariana Islands 96950
Telephone:    (670) 233-8600
Facsimile:    (670) 233-5262
E-mail:        mark@saipanlaw.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ZHAI LAN JIANG, | ) CASE NO. CV 07-0035 |
| Plaintiff, | ) |
| | ) |
| vs. | ) FIRST REQUEST FOR |
| | ) PRODUCTION OF DOCUMENTS |
| HAN NAM CORPORATION, a Commonwealth of | ) FROM DEFENDANT |
| the Northern Mariana Islands corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**TO:    HAN NAM CORPORATION,**
**and its attorney of record, STEPHEN J. NUTTING**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, PLAINTIFF hereby requests the

production of the following documents.   Please produce the actual DOCUMENTS responsive to

this Request, and YOUR particularly stated written objection to a request, if any, to Mark B. Hanson,

Attorney at Law, located at the Second Floor, Macaranas Building, Beach Road, Garapan, Saipan,

Commonwealth of the Northern Mariana Islands, within thirty (30) days after service of this Request

on YOU.

1    **<u>DEFINITIONS</u>**

2    For the purposes of this Request for Production of Documents, unless otherwise indicated,

3    the following definitions shall be applicable:

4

5    1. "DOCUMENT(S)" or "DOCUMENTATION" as used herein means any written, printed,

6    recorded or graphic matter, regardless of the medium on which it is produced, reproduced or stored.

7    DOCUMENTS include, but are not limited to, correspondence, records, reports, memoranda, notes,

8    e-mail, studies, analyses, working papers, voice recordings, calendars, diaries, schedules, computer

9    printouts, drawings and all other written, printed or recorded matter of any kind, and all other data

10    or compilations from which information can be obtained. Non-identical copies of any DOCUMENT

11    bearing any marks of any character (including, but not limited to, initials, comments or notations)

12    which are not a part of the original text are to be treated as separate DOCUMENTS.

13    2. "YOU," "YOURSELF" "YOURS" or "YOUR" means HAN NAM CORPORATION, its

14    subsidiaries, divisions or affiliates, and its partnerships and joint ventures.

15    3. "PLAINTIFF" means ZHAI LAN JIANG.

16    4. Unless defined otherwise in a sub-part hereof, "PERSON" or "PERSONS" shall mean

17    natural persons, corporations, partnerships, firms or other associations separately identified, whether

18    or not they have separate legal existence in their own right.

19    5. "COMMUNICATION," "COMMUNICATIONS" or "COMMUNICATED" means any

20    conveyance of information, knowledge, belief or opinion, and shall include but not be limited to

21    written communication by such means as DOCUMENTS, letters, memoranda, telegrams, sign

22    language and oral communications, either telephonically or face-to-face.

23    6. "IDENTIFY," "IDENTITY" OR "IDENTIFICATION" as used in reference to a natural

24    person means that YOU are required to state the following information:

25    a.   the name of the person;

26

27

b.  the street address, country, state and country of the person's current residence;

c.  the current "home" or residential telephone number of the person;

d.  the current or last known employer, job title, business address and business telephone number of the person; and

e.  with respect to the PERSONS who were formerly employed by YOU, the last date such employment and the person's job title and business address on that date.

7.  "IDENTIFY," "IDENTITY" or "IDENTIFICATION" as used in reference to any entity other than a natural person means that YOU are required to state the following information:

a.  the entity's full name; and

b.  the address of the entity's principal place of business, and each of its other places of business or business facilities.

8.  "IDENTIFY," "IDENTITY" or "IDENTIFICATION" as used in reference to a DOCUMENT, means that YOU are required to state the following information:

a.  the title of the DOCUMENT;

b.  the date(s) the DOCUMENT bears;

c.  the name of each PERSON who authorized any portion of the DOCUMENT;

d.  the name of each PERSON who signed the DOCUMENT;

e.  the name of each PERSON to whom the DOCUMENT was addressed, together with the IDENTITY of each PERSON who received a copy of the DOCUMENT;

f.  a description of the nature and substance of the DOCUMENT sufficient to enable it to be identified;

g.  the name and address of the present custodian of the original DOCUMENT, together with the original DOCUMENT's current location; and

h.  whether YOU claim the DOCUMENT is privileged and, if so, the nature of the privilege.

9.  "IDENTIFY," "IDENTITY" or "IDENTIFICATION" as used in reference to a

COMMUNICATION, means that YOU are required to state:

    a.  the names of the PERSONS participating in the COMMUNICATION or present when the COMMUNICATION took place;

    b.  the exact, detailed, content of the COMMUNICATION;

    c.  the building or other specific place in which the PERSONS participating in the COMMUNICATION were located at the time of the COMMUNICATION;

    d.  the mode or method by which the COMMUNICATION occurred (e.g, telephone, in person, via e-mail etc.);

    e.  and the date on which the COMMUNICATION occurred.

10.  "RELATING TO," "RELATED TO" or "REGARDING" includes referring to, alluding to, responding to, concerning, connected with, commenting on, in respect to, about, regarding, discussing, showing, describing, reflecting, analyzing, depicting or constituting.

11.  ""or" means and/or. "and" means and/or. "each" means each and every.

12.  "EMPLOYEE(S)" as used herein refers to any PERSON currently EMPLOYED by YOU, hereafter employed by YOU, or formerly employed by YOU. Unless otherwise specified herein, the term includes, but is not limited to: officers, directors, managers, agents, accountants, independent contractors, skilled and unskilled laborers, resident and NONRESIDENT WORKERS.

13.  "EMPLOYMENT" or "EMPLOYED" or "EMPLOY" as used herein refers to the use or engagement by YOU of services or labor of any kind, regardless of the amount and/or manner of compensation for such services or labor, and regardless of the classification of such services or labor as independently contracted or otherwise.

14.  "EMPLOYMENT FILE" as used herein refers to: any and all DOCUMENTS RELATING TO the employment history, work record, hiring, firing, DISCIPLINARY ACTION, or employee evaluation of the specified PERSON or EMPLOYEE including, but not limited to resumes, employment contracts, records of hiring and termination, internal correspondence, written work

evaluations, written records of oral statements, and any and all other notes or letters kept by YOU regarding the specified EMPLOYEE's employment with YOU.

15. "COMPLAINTS" as used herein refers to any and all letters, memoranda, notices, correspondence, legal pleadings, formal or informal grievances filed with YOU or any judicial, government or quasi-government agencies, or any other form of oral or written COMMUNICATION of a dispute to any PERSON.

16. "DOL" means the Department of Labor, Commonwealth of the Northern Mariana Islands, including any or all divisions, officers, employees and agents thereof.

17. "USDOL" means the United States Department of Labor, including any or all divisions, officers, employees and agents thereof.

18. "EEOC" means the United States Equal Employment Opportunity Commission, including any or all divisions, officers, employees and agents thereof.

19. "NONRESIDENT WORKER CONTRACT" means an "Agreement" as defined and intended in 3 C.M.C. § 4412(a) of the CNMI Nonresident Workers Act, and all of its attendant documentation and other requirements.

20. "NONRESIDENT WORKER" means a PERSON defined as such in 3 C.M.C. § 4412(I) of the Nonresident Workers Act.

21. "ACCOMMODATIONS" as used herein includes, but is not limited to, an adjustment in job title, description, location, job duties or responsibilities, work hours, schedules, break times, or the provision of additional paid or unpaid leave.

22. "LAWSUIT" means this case, *Zhai v. Han Nam Corp.*, Case No. CV 07-0035 currently pending in the United States District Court for the Northern Mariana Islands.

23. Unless otherwise stated herein, the relevant time period for all Requests herein is January 2000 to the present.

1

## INSTRUCTIONS

2      1.  <u>DUTY TO INVESTIGATE</u>:  In responding to the request to produce, YOU must make

3   a diligent search of YOUR records and other DOCUMENTS in YOUR possession, custody and/or

4   control or available to YOU, including information which is in the possession of YOUR attorneys,

5   investigators for YOUR office, employees, representatives, and agents, and not merely such

6   information known of YOUR own personal knowledge.

7      2.  <u>PRIVILEGE LOG</u>:  For each DOCUMENT responsive to the request for production of

8   documents that is withheld under a claim of privilege or work-product immunity, state specifically:

9   (a) the number and subject of each paragraph of this request that seeks its production; (b) the name

10  and title of the author(s); (c) the name and title of each PERSON to whom the DOCUMENT was

11  addressed; (d) the name and title of each PERSON to whom a copy of the DOCUMENT was sent;

12  (e) the date of the DOCUMENT; (f) the number of pages; (g) a brief description of the nature and

13  subject matter of the DOCUMENT; (h) the identity of each PERSON to whom the DOCUMENT,

14  its contents, or any portion thereof is known or has been disclosed; (I) the exact location of the

15  original and each copy of the DOCUMENT as of the date of receipt of this request; and (j) if the

16  DOCUMENT is withheld on any ground other than privilege, each basis that YOU contend justifies

17  its withholding.

18     3.  <u>DOCUMENTS NO LONGER IN YOUR POSSESSION</u>:  If YOU are aware of any

19  DOCUMENT otherwise responsive to this request, which DOCUMENT is no longer in YOUR

20  custody or control, IDENTIFY the name and title of the author, the name and title of the addressee,

21  the date of the DOCUMENT, the subject matter of the DOCUMENT, the last date on which the

22  DOCUMENT was in YOUR control, the PERSON(S) if any, now in control of the DOCUMENT,

23  the reasons for your disposition or release of the DOCUMENT, all PERSONS who have knowledge

24  of the circumstances surrounding its disposition, and state what knowledge each such PERSON has

25  regarding such DOCUMENT.

26

27

4.  DUTY TO SUPPLEMENT RESPONSE: Pursuant to Fed. R. Civ. Pro 26(e), this Request for Production of Documents is of a continuing nature and YOU must file supplementary responses to the maximum extent required by law and the applicable rules, including any time that YOU locate, identify or are made aware of documents responsive to the request that have not yet been produced.

**FIRST REQUEST TO PRODUCE**

1.  Please produce PLAINTIFF's EMPLOYMENT FILE.

2.  If not produced pursuant to Request No. 1 above, please produce all DOCUMENTS RELATED TO the EMPLOYMENT of PLAINTIFF by YOU.

3.  Please produce the EMPLOYMENT FILE for all PERSONs IDENTIFIED by YOU in response to **Interrogatory Number 2** served on YOU concurrently herewith.

4.  Please produce the EMPLOYMENT FILE for any PERSONs IDENTIFIED by YOU in response to **Interrogatory Number 9** served on YOU concurrently herewith.

5.  Please produce all DOCUMENTS RELATED TO the separation from EMPLOYMENT of any EMPLOYEE while that EMPLOYEE was pregnant.

6.  Please produce all DOCUMENTS containing COMMUNICATIONS between any PERSON (including PLAINTIFF) and YOU, RELATING TO PLAINTIFF.

7.  Please produce all DOCUMENTS RELATED TO COMPLAINTS of EMPLOYEES, or COMPLAINTS of other PERSONS RELATING TO that PERSONS' EMPLOYMENT by YOU, including any DOCUMENTS RELATED TO the disposition, if any, of those COMPLAINTS.

8.  Please produce all DOCUMENTS containing COMMUNICATIONS between YOU and any PERSON RELATING TO claims, charges, accusations, allegations or other assertions that YOU have failed, in any way, to make reasonable ACCOMMODATIONS for any pregnant PERSON, whether or not you believe that PERSON was EMPLOYED by YOU.

9.  Please produce all of the DOCUMENTS IDENTIFIED by YOU in YOUR Initial

Disclosures filed in this matter by YOU on January 3, 2008.

10. Please produce any and all DOCUMENTS that support, in any way, YOUR contention that PLAINTIFF did not adequately perform her job with YOU as she alleged in ¶ 27 of her Complaint filed on November 16, 2007.

11. Please produce all employee handbooks, employee rules and regulations, and any other DOCUMENTS in any way RELATED TO YOUR expectations of YOUR EMPLOYEES' job duties and responsibilities.

12. lease produce the full contents of any and all policy or polices of insurance under which any PERSON may be liable to satisfy part or all of a judgment which may be entered against YOU in this action and/or under which any PERSON may be liable to indemnify or reimburse any PERSON for payments made to satisfy a judgment entered against YOU in this action.

13. Please produce all DOCUMENTS in any way RELATED TO YOUR first affirmative defense that PLAINTIFF's claims, or any of them, fail to state a claim upon which relief can be granted as alleged in YOUR Answer to PLAINTIFF's Complaint filed on December 5, 2007.

14. Please produce all DOCUMENTS in any way RELATED TO YOUR second affirmative defense that PLAINTIFF "voluntarily abandoned her employment with Han Man in breach of her employment contract" as alleged in YOUR Answer to PLAINTIFF's Complaint filed on December 5, 2007.

15. Please produce all DOCUMENTS in any way RELATED TO YOUR third affirmative defense that "neither gender nor ethnicity played any role in the decision not to renew plaintiff's employment contract with Han Nam" as alleged in YOUR Answer to PLAINTIFF's Complaint filed on December 5, 2007.

16. Please produce all DOCUMENTS in any way RELATED TO YOUR fourth affirmative defense that PLAINTIFF has unclean hands as alleged in YOUR Answer to PLAINTIFF's Complaint filed on December 5, 2007.

1       17. Please produce all DOCUMENTS in any way RELATED TO YOUR fifth affirmative

2 defense that "Han Nam at all relevant times acted fairly, reasonably, justly and in good faith with

3 respect to the plaintiff and in all dealings with its employees" as alleged in YOUR Answer to

4 PLAINTIFF's Complaint filed on December 5, 2007.

5       18. Please produce all employee misconduct notices, performance/discrepancy reports,

6 absent/late reports, guidance/counseling records or other disciplinary notices issued by YOU to any

7 PERSON EMPLOYED by YOU at any time from January 1, 2001 to December 31, 2004.

8       19. Please produce all DOCUMENTS in any way evidencing any ACCOMMODATIONS

9 made by YOU to any EMPLOYEE due to the fact that EMPLOYEE was pregnant.

10       20. Please produce all DOCUMENTS in any way evidencing any ACCOMMODATIONS

11 made by YOU to PLAINTIFF due to the fact that she was pregnant.

12       21. Please produce all DOCUMENTS reflecting any payment made by any person at any

13 time for any medical expense related to ZHAI LAN JIANG.

14

15       DATED this 25th day of January, 2008.

16

17                         /s/ Mark B. Hanson

18                           MARK B. HANSON

19                     Second Floor, Macaranas Building

                        Beach Road, Garapan

20                     PMB 738, P.O. Box 10,000

                        Saipan, MP 96950

21                     Telephone: (670) 233-8600

                        E-mail:     mark@saipanlaw.com

22

23                     Attorney for Plaintiff ZHAI LAN JIANG

24

25

26

27

CERTIFICATE OF SERVICE

I certify that the following were served with a copy of the foregoing via the Court's electronic

case filing system (CM/ECF):


Stephen J. Nutting
Attorney at Law
Sixth Floor, Marianas Business Plaza
P.O. Box 5093
Saipan, Mariana Islands 96950
Phone:        (670) 234-6891
Fax:           (670) 234-6893
E-mail:       snutting@saipan.com


January 25, 2008                              /s/ Mark B. Hanson

DATED: _____            _____

                                                 MARK B. HANSON